

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 25, 2020

Alejandro N. Mayorkas, Esq.
WilmerHale, LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006

      Re:    <u>United States v. Bay State Gas Company, d/b/a Columbia Gas of Massachusetts</u>
              Criminal No.

Dear Counsel:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Bay State Gas Company, doing business as ("d/b/a") Columbia Gas of Massachusetts ("Defendant"), agree as follows with respect to the above-referenced case:

    1.     <u>Change of Plea</u>

At the earliest practicable date, Defendant will waive Indictment and plead guilty to Count One of the Information, attached to this agreement as **Exhibit A**, charging the Knowing and Willful Failure to Prepare and Follow a Procedure for the Starting Up and Shutting Down of a Pipeline Designed to Assure Operation within the Maximum Allowable Operating Pressure, in violation of 49 U.S.C. § 60123(a), 49 U.S.C. § 60118(a), and 49 C.F.R. §§ 192.605(a) and 192.605(b)(5). Defendant admits that it committed the crime specified in Count One and is in fact guilty.

    2.     <u>Penalties</u>

Defendant faces the following maximum penalties:

        a.  A fine of not more than the greater of twice the gross gain or twice the gross loss, whichever is greater, pursuant to 18 U.S.C. § 3571(d);

b. A term of probation of not less than one (1) year nor more than three (3) years, pursuant to 18 U.S.C. § 3561(c)(1);

c. Restitution to any victim of the offense; and

d. A mandatory special assessment of $400, pursuant to 18 U.S.C. § 3013(c)(2)(B).

3. <u>Fed. R. Crim. P. 11(c)(1)(C) Plea</u>

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney or Defendant may deem the Plea Agreement null and void. Defendant understands and acknowledges that it may not withdraw its plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4. <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines") and other applicable law.

a) No guideline under the USSG has been promulgated for the violation to which Defendant is pleading guilty, specifically, a violation of 49 U.S.C. §§ 60123(a), and 60118(a) and 49 C.F.R. §§ 192.605(a) and 192.605(b)(5). *See* USSG §§ 2X5.1;

b) Pursuant to USSG § 2X5.1, the most analogous guideline for the facts and circumstances of this case is USSG § 2Q1.2 as it pertains to the Mishandling of Hazardous or Toxic Substances.

c) Pursuant to USSG § 2Q1.2(a), Defendant's base offense level is 8;

d) Defendant's offense level is increased by 6 levels, because pursuant to USSG § 2Q1.2(b)(1)(A) the offense resulted in, by analogy, an ongoing and continuous discharge of natural gas;

e) Defendant's offense level is increased by 9 levels, because pursuant to USSG § 2Q1.2(b)(2) the offense resulted in a substantial likelihood of death and serious bodily injury;

f) In accordance with USSG § 3E1.1, based on Defendant's prompt acceptance of responsibility for the offense of conviction in this case, the adjusted offense

level is reduced by three, resulting in a total adjusted offense level 20.

g) Since USSG § 2Q1.2 is not covered by USSG § 8C2.1, the applicable fine is determined by USSG § 8C2.10, which provides that the Court "should determine an appropriate fine by applying the provisions of 18 U.S.C. §§ 3553 and 3572."

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of responsibility for the offense of conviction in this case, Defendant's voluntary payments of restitution to the victims of the offense, and Defendant's parent company, NiSource, Inc.'s ("NiSource"), agreement to use reasonable best efforts to sell Defendant or Defendant's gas distribution business to a qualified third-party buyer consistent with the requirements of M.G.L. c. 164, § 96 and Interlocutory Order on Standard of Review, D.P.U. 10-170, upon the completion of which: (1) NiSource will cease and desist any and all gas pipeline and gas distribution activities in the District of Massachusetts; and (2) NiSource will pay a fine equal to the amount of any profit or gain NiSource realized from any such sale.

The U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement, including, but not limited to, his agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit Defendant's conduct in the offense of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Fails to provide truthful information about Defendant's financial status and/or Defendant's payments to victims of the offense of conviction;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Commits a crime; or

(i) Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. Agreed Disposition

Under Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant agree that the following is a reasonable and appropriate disposition of this case, taking into consideration all of the factors set forth in 18 U.S.C. §§ 3553(a) and 3572:

a. A criminal fine in the amount of $53,030,116 paid within thirty (30) days of sentencing, which amount represents twice the amount of pecuniary gain of $26,515,058 that Defendant received from its Gas System Enhancement Plan ("GSEP") in Massachusetts from 2015 through and including 2018.

b. A period of probation of three (3) years that will immediately terminate prior to the three (3) year term upon a certification to the Court of the completion of the sale of Defendant or Defendant's gas distribution business to a qualified third-party buyer consistent with the requirements of M.G.L. c. 164, § 96 and Interlocutory Order on Standard of Review, D.P.U. 10-170, and formal acceptance of the sale by the Massachusetts Department of Public Utilities ("MA DPU").

c. In addition to the mandatory conditions of probation pursuant to USSG § 8D1.3 and 18 U.S.C. § 3563(a), which includes the full payment of the fine set forth in paragraph 5(a), the period of probation shall also include the following additional conditions:

   i. Defendant will implement and adhere to each of the recommendations from the National Transportation Safety Board ("NTSB") related to NTSB Accident ID PLD18MR003 regarding the Merrimack Valley Over-Pressurization Event on or about September 13, 2018 (the "Event");

   ii. Defendant will agree to employ at Defendant's expense an in-house monitor to oversee Defendant's compliance with the recommendations of the NTSB and applicable laws and regulations. This monitor will report monthly in writing to a government committee composed of a representative from the U.S. Attorney, the MA DPU and the Massachusetts Attorney General's Office ("MA AGO");

   iii. In the event that Defendant enters into a definitive purchase and sale agreement for the sale of Defendant or its gas distribution business within the three (3) year term of probation, Defendant will do the following:

      A. Within three (3) business days of the execution of a definitive purchase and sale agreement with a purchaser of Defendant or Defendant's gas distribution business, Defendant will submit to

4

the U.S. Attorney and the Court a filing, which if appropriate may be filed under seal, that completely and accurately details the terms of the purchase and sale agreement including the proposed purchase price;

B. Within seven (7) business days of the execution of a definitive purchase and sale agreement with a purchaser of Defendant or Defendant's gas distribution business, Defendant will provide the U.S. Attorney and the Court, in the form of a declaration under 28 U.S.C. § 1746 that may be filed under seal if appropriate, a true and accurate detailed accounting following both Generally Accepted Accounting Principles ("GAAP") and federal income tax obligations, of the total amount of any potential gain, profit or loss that will result from the proposed sale reflected in the filing described above in paragraph 5(c)(iii)(A) and in accordance with the formula set forth in **Exhibit B**;

C. Upon request from the U.S. Attorney, Defendant will promptly provide to the U.S. Attorney true and accurate records including income tax returns, to the extent required to verify the accuracy of any potential profit, gain or loss that will result from the sale of Defendant or Defendant's gas distribution business reflected in the filing described above in paragraph 5(c)(iii)(A). Defendant understands and agrees that the U.S. Attorney may provide these records to an outside consultant/expert he retains to verify the accuracy of the information, provided that such consultant/expert is subject to the terms of a confidentiality agreement; and

D. No later than three (3) business days before the completion of any sale of Defendant or its gas distribution business, Defendant will provide the U.S. Attorney and the Court, in a filing that may submitted under seal if appropriate, any updated information about the terms of sale, and Defendant's calculation of any gain, profit or loss from the sale of Defendant or Defendant's gas distribution business in accordance with the formula set forth in **Exhibit B**. Defendant understands and agrees that Defendant must completely and accurately report to both the Court and the U.S. Attorney the total amount of any profit, gain or loss from the sale of Defendant or its gas distribution business.

d. Defendant understands and agrees that the U.S. Attorney reserves the right to verify and challenge the accuracy of Defendant's calculation of any potential profit, gain or loss from the sale of Defendant or its gas distribution business

prior to the final sale and that Defendant's failure to accurately report the information described above in paragraph 5(c)(iii) may constitute a violation of this Plea Agreement and/or a violation of a condition of Defendant's probation. *See* USSG § 8D1.4(b)(3).

e. Notwithstanding the agreed upon disposition described above, pursuant to USSG § 8F1.1, Defendant understands and agrees that upon a finding by the Court that Defendant violated a condition of probation, including the failure to provide true and accurate information regarding any profit or gain from a sale of Defendant or its gas distribution business as described above in paragraph 5(c)(iii), the Court may extend the term of probation up to the time of the final sale of Defendant or its gas distribution business, impose more restrictive conditions of probation, or prior to the final sale of Defendant or its gas distribution business, revoke probation and resentence Defendant.

f. The U.S. Attorney agrees that no consequence of any breach of this Plea Agreement or of any violation of a condition Defendant's probation will be imposed upon a bona fide purchaser for value of Defendant or Defendant's gas distribution business.

6. <u>No Further Prosecution of Defendant and No Prosecution of its Ultimate Parent Company, NiSource, Inc.</u>

Under Fed. R. Crim. P. 11(c)(1)(A), the United States agrees that, other than the charges in the Information attached as **Exhibit A**, and pursuant to the Deferred Prosecution Agreement (the "DPA") attached as **Exhibit C**, the U.S. Attorney shall not prosecute Defendant or NiSource for any conduct related to the allegations in the attached Information, the Event, or Defendant's restoration work in the Merrimack Valley following the Event based on the facts and circumstances now known to the U.S. Attorney.

This provision is expressly contingent on: (i) the Court's acceptance of the guilty plea of Defendant to the attached Information; (ii) Defendant's agreement not to withdraw or otherwise challenge this Plea Agreement; (iii) Defendant's performance of all of its obligations as set forth in this Plea Agreement prior to the sale of Defendant or its gas distribution business; and (iv) NiSource's compliance with the DPA attached as **Exhibit C**. If Defendant's guilty plea is withdrawn for any reason, or if Defendant should fail to perform an obligation under this Plea Agreement prior to the sale of Defendant or its gas distribution business, the U.S. Attorney, at his sole option, may render this Plea Agreement and the DPA attached as **Exhibit C** null and void.

While based on the information currently available to him, the U.S. Attorney does not intend to criminally prosecute any individual for violations of the Natural Gas Pipeline Safety Act, 49 U.S.C. § 60101 *et seq.* for the conduct related to the allegations in the attached Information, the Event, or Defendant's and NiSource's restoration work in the Merrimack Valley, the U.S. Attorney nonetheless reserves the right to prosecute any individual, including but not limited to present and former officers, directors, employees, and other agents of Defendant or NiSource.

7.   Waiver of Right to Appeal and to Bring Future Challenge

(a)   Defendant has conferred with its attorney and understands that it has the right to challenge its conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge its conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

(b)   Defendant has conferred with its attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Defendant also waives any right Defendant may have under 18 U.S.C. § 3582(c)(2) to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

(c)   The U.S. Attorney agrees that he will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d)   Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

## 8.    Forfeiture

Defendant hereby waives and releases any claims Defendant may have to any property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

## 9.    Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

## 10.    Withdrawal of Plea by Defendant or Rejection of Plea by Court

Should Defendant move to withdraw its guilty plea at any time, this Plea Agreement and the DPA attached as **Exhibit C** shall be null and void at the option of the U.S. Attorney.  In addition, should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement and the DPA attached as **Exhibit C** shall be null and void at the option of either the U.S. Attorney or Defendant.  In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

## 11.    Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(i) or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement and the DPA in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement and/or the DPA.  Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement and/or the DPA.  Defendant recognizes that its breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary.  In this regard, Defendant hereby waives any defense to any charges the U.S. Attorney brings that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

12. Who is Bound by Plea Agreement

. This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

13. Corporate Authorization

Defendant shall provide to the U.S. Attorney and the Court a certified copy of a resolution of the Board of Directors of Defendant, affirming that the Board of Directors has authority to enter into the Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Defendant to plead guilty to the charges specified in the Plea Agreement; and (5) voted to authorize Joseph Hamrock, Chief Executive Officer of NiSource, Inc., to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement.

14.     <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Neil Gallagher.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____

Fred Wyshak
Chief, Public Corruption and
Special Prosecutions Unit


_____

Neil J. Gallagher, Jr.
Evan Gotlob
Assistant U.S. Attorneys

<u>Corporate Acknowledgment of Plea Agreement</u>

The Board of Directors has authorized me to execute this Plea Agreement on behalf of Bay State Gas Company, doing business as ("d/b/a") Columbia Gas of Massachusetts ("CMA"). The Board has read this letter of Agreement in its entirety and has discussed it fully with CMA's attorney. The Board acknowledges that this letter fully sets forth CMA's agreement with the U.S. Attorney. The Board further states that no additional promises or representations have been made to the Board by any officials of the United States in connection with this matter.

Joseph Hamrock
Chief Executive Officer
NiSource, Inc.


Kimberly Cuccia
General Counsel
Bay State Gas, d/b/a Columbia Gas of
Massachusetts

11

<u>Corporate Acknowledgment of Plea Agreement</u>

The Board of Directors has authorized me to execute this Plea Agreement on behalf of Bay State Gas Company, doing business as ("d/b/a") Columbia Gas of Massachusetts ("CMA"). The Board has read this letter of Agreement in its entirety and has discussed it fully with CMA's attorney. The Board acknowledges that this letter fully sets forth CMA's agreement with the U.S. Attorney. The Board further states that no additional promises or representations have been made to the Board by any officials of the United States in connection with this matter.

Joseph Hamrock
Chief Executive Officer
NiSource, Inc.

Kimberly Cuccia
General Counsel
Bay State Gas, d/b/a Columbia Gas of Massachusetts

I certify that Defendant=s Board of Directors has authority to enter into this Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to authorize Defendant to plead guilty to the charges specified in the Plea Agreement; and (5) voted to authorize Joseph Hamrock, Chief Executive Officer of NiSource, Inc. and Kimberly Cuccia, General Counsel for Bay State Gas, d/b/a Columbia Gas of Massachusetts, to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement.

Alejandro N. Mayorkas, Esq.
WilmerHale, LLP
Attorney for Bay State Gas Company, doing business as ("d/b/a") Columbia Gas of Massachusetts